FILED

2006 OCT 11 AM 11: 12

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06CV1555 |
| --- | --- |
| Plaintiff, | 05CR1657 |
| vs. | ORDER DENYING OBJECTION TO THE COURT'S IMPOSITION OF PROBATION/SUPERVISED RELEASE |
| RAUL GAONA-RODRIGUEZ, | |
| Defendant. | |

**I.   Introduction**

Defendant pled guilty to bringing in an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(i). Defendant was sentenced to 15 months imprisonment, to be followed by 3 years of supervised release. Defendant has filed a pleading styled "Objection to the Court's Imposition of Probation/Supervised Release Because the Relevant Statute 8 U.S.C. § 1326 Does Not Mandate the Imposition of that Separate Sentence." The court construes this pleading as a motion brought pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

**II.   Analysis**

**A.   Defendant Waived His Right to Challenge the Imposition of Supervised Release**

In the plea agreement in the present case, defendant specifically agreed to waive "to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this agreement at the time of

sentencing." Plea Agreement ¶ XI. Defendant is not contending that the court imposed a custodial sentence greater than the high end of the guideline range. Therefore, defendant has waived the right to challenge the imposition of a term of supervised release.

Waivers of the right to appeal or collaterally attack a conviction and sentence are generally valid. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. (1993); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal.1999). To be enforced, the waiver must be knowing and voluntary. See United States v. Martinez, 143 F.3d 1266, 1270-1 (9th Cir. 1998). Here, defendant in the plea agreement represented that:

> (1) Defendant has had full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequence of this plea;
>
> (2) No one has made any promise or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;
>
> (3) No one has threatened defendant or defendant's family to induce this guilty plea; and
>
> (4) Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

Plea Agreement ¶ VI. The court finds that defendant voluntarily waived his right to challenge the imposition of a term of supervised release.

**B.      Alternatively, the Court Properly Imposed a Term of Supervised Release**

Additionally, even if defendant had not waived his right to collaterally attack his sentence, his challenge to the imposition of a term of supervised release would fail.

18 U.S.C. § 3583(a) provides that a court, "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." Defendant's arguments to the contrary notwithstanding, the Ninth Circuit has concluded that "§ 3583 supervised release is constitutional under Apprendi, Blakely, and Booker." United States v. Huerta-Pimental, 445 F.3d 1220, 1221 (9th Cir. 2006); see also United States v. Liero, 298 F.3d 1175 (9th Cir. 2002). "Because supervised release is imposed as part of the sentence authorized by the fact of conviction and requires

1  no judicial fact-finding, it does not violate the Sixth Amendment principles recognized by Apprendi
2  and Blakely." Huerta-Pimental, 445 F.3d at 1221.

3  **III.   Conclusion**

4   For the reasons set forth below, Defendant's Objection to the Court's Imposition of
5  Probation/Supervised Release Because the Relevant Statute 8 U.S.C. § 1326 Does Not Mandate the
6  Imposition of That Separate Sentence is **denied**. The Clerk shall terminate defendant's related civil
7  case 06CV1555.

8   **IT IS SO ORDERED.**

9  DATED: [ 10/4 ] ,2006

10

11  JOHN S. RHOADES, SR.
    United States District Judge

12  cc:   All parties